UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIANA LIMA; ERICH COLUCCI LIMA, also known as SAINT VON COLUCCI,

Plaintiffs,

-against-

RAPHAEL RASHID; MARIE-CHRISTINE RASHID; XAVIER HENRY-RASHID; HYUNSU YIM; HANNAH ABRAHAM; JOHN KENNEDY; JEFF BENJAMIN; NIRMIKA SINGH; RUTH BASHINSKY; JAY PENSKE; RAJ KAMAL JAH; BENNY LUO; IBRAHIM HELAL; MIRKO BIBIC; JOHN DOES 1-50,

Defendants.

26-CV-5939 (LLS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiffs Adriana Lima and Erich Colucci Lima, who are proceeding *pro se*, bring this action under the court's diversity jurisdiction, alleging that Defendants published false statements about one or both of them on unspecified social media platforms and refused to remove them, causing damages. On July 22, 2026, Plaintiffs filed an amended complaint as of right, and it is the operative pleading. (ECF No. 10.) In the amended complaint, Plaintiffs name as defendants: (1) Raphael Rashid; (2) Marie-Christine Rashid; (3) Xavier Henry-Rashid; (4) Hyunsu Yim; (5) Hannah Abraham; (6) John Kennedy; (7) Jeff Benjamin; (8) Nirmkia Singh; (9) Ruth Basinsky; (10) Jay Penske; (11) Raj Kamal Jah; (12) Benny Luo; (13) Ibrahim Helal; (14) Mirko Bibck; and (15) John Does 1-50. They seek $25 million in monetary relief.

Plaintiffs also filed: (1) a motion for permission to participate in electronic case filing (ECF No. 4); (2) a document that they style as a "Motion for Pre-Discovery Subpoena for Production of Documents Pursuant to Fed. R. Civ. P. 27" ("Rule 27 motion") (ECF No. 5); (3) a document that they style as a "Request for Permission to Serve Motions and Documents By

Email" (ECF No. 16); (4) a document that they style as a "Motion to Compel Third-Party Disclosure of Defendant's Address for Service of Process Purposes" (ECF No. 17), which the Court construes as a supplement to their Rule 27 motion; and (5) a document that they style as a "Request to Amend Party Name in Caption and All Pleadings" (ECF No. 18).

By separate order, the court granted Plaintiffs' requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the amended complaint, with 30 days' leave to replead in a second amended complaint, and denies Plaintiffs' motions.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

The following facts are drawn from the amended complaint.[1] Plaintiffs reside in Manhattan.[2] They allege that Raphael Rashid resides in South Korea and that Marie-Christine Rahid resides in the United Kingdom.[3] (ECF No. 10, at ¶¶ 1-4.)

Plaintiff Erich Colucci Lima "worked as an entertainer in South Korea 2020-2023." (*Id*. at ¶ 18.) On an unspecified date, "Defendant Rashid"—Plaintiffs do not identify which one—"orchestrated revenge-motivated smear campaign with K-pop obsessed co-conspirators." (*Id*. at ¶ 19.) The smear campaign was followed by "email hacking with false quotes," which were allegedly intended to "falsely portray Plaintiff"—the amended complaint does not identify which of the plaintiffs—"as a hateful troll." (*Id*. at ¶ 20-21.) One of the Rashid defendants—Plaintiffs do not specify which one—"distorted facts" by "confus[ing] mother with Brazilian supermodel" and "falsely claim[ing] father is billionaire." (*Id*. at ¶ 22.)

Plaintiffs alleges that Defendant Raphael Rashid was "involved in email hacking" and published at least 35 "defamatory posts with slurs," despite allegedly knowing that Plaintiff—the amended complaint does not identify which of the plaintiffs—"is a real person." (*Id*. at ¶¶ 23-25.)

As a result of the defamatory statements, "Plaintiff"—the amended complaint does not identify which one—"was hospitalized due to mental health crisis," a fact that Plaintiffs

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] In the original complaint, Plaintiffs assert that Adriana Lima is Erich Colucci Lima's mother and that she resides in Brazil. (ECF No. 1, at ¶ 1.) The original complaint also states that Erich Colucci Lima resides in Montreal. (*Id*. at ¶ 2.) These allegations are not made in the amended complaint.

[3] Plaintiffs do not allege the domicile of any of the other Defendants.

publicized in a press release. (*Id*. at ¶¶ 26-27.) Despite Defendants allegedly knowing that their statements were untrue, they continued the smear campaign, ignored requests to correct the defamatory statements, and mocked "Plaintiff's suffering on social media." (*Id*. at ¶¶ 28-30.)

## DISCUSSION

### A. Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

In the amended complaint, Plaintiffs do not invoke the Court's federal question jurisdiction, and nothing in the pleading suggests that any Defendant has violated either of the Plaintiffs' rights secured by federal law. From the face of the complaint, the Court does not have federal question jurisdiction of the claims asserted.

Plaintiffs also do not allege facts demonstrating that the Court has diversity jurisdiction of their claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiffs invoke the Court's diversity jurisdiction, but they allege no facts suggesting that the parties are of diverse citizenship. While Plaintiffs state, in their amended complaint, that they are residents of New York, they do not allege the residence or domicile of Defendants Henry-Rashid, Yim, Abraham, Kennedy, Benjamin, Singh, Basinsky, Penske, Jah, Luo, Helal, Bibck, or Does 1-50. Plaintiffs therefore fail to allege facts sufficient to show that the parties have diverse citizenship, as would be required to invoke the Court's diversity jurisdiction. *See Lamas v. Huffman*, No. 26-CV-5495 (LLS), 2026 WL 2070080, at *3 (S.D.N.Y. July 15, 2026) (dismissing complaint for lack of subject matter jurisdiction where the complaint, which was premised on the court's diversity jurisdiction, failed to allege the domicile of all defendants);

*Lamas v. Hopkins*, No. 26-CV-5473 (LLS), 2026 WL 2032095, at *2 (S.D.N.Y. July 9, 2026) (same). For those reasons, the complaint does not establish that the Court has subject matter jurisdiction of Plaintiffs' claims. The Court therefore dismisses the amended complaint, with 30 days' leave to replead, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B. Motion for permission to participate in electronic case filing**

Plaintiffs filed a motion for permission to participate in electronic case filing, but neither of them signed the motion. (ECF No. 4.)

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Because Plaintiffs failed to sign their motion as required by Rule 11(a), the Court denies Plaintiffs' motion without prejudice to a renewed motion in which Plaintiffs set forth the basis for the relief that they request and in which any Plaintiff seeking relief signs.

**C. Motion under Rule 27**

Plaintiffs filed a document that they style as a "Motion for Pre-Discovery Subpoena for Production of Documents pursuant to Fed. R. Civ. P. 27" (ECF No. 5), which is unsigned and which is supplemented by a document that they style as a "Motion to Compel Third-Party Disclosure of Defendant's Address for Service of Process Purposes" (ECF No. 17).

In the motion, Plaintiffs contend that "Defendants can delete posts, emails, accounts immediately" (ECF No. 5, at 1) and that they currently lack Defendant Raphael Rashid's

residential address for purposes of serving him with a summons, complaint, and motions (ECF No. 17, at 1). Plaintiffs rely on Rule 27 in both submissions.

Rule 27 provides, in relevant part: "A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony." Fed. R. Civ. P. 27(a)(1). The rule requires a showing:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

*Id*.

Courts in this circuit generally recognize that petitioners must satisfy three requirements to conduct discovery under Rule 27:

> First, they must furnish a focused explanation of what they anticipate any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, they must establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought. Third, petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed.

*In re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005); *see Bryant v. Am. Fed'n of Musicians of the United States & Canada*, 666 F. App'x 14, 16 (2d Cir. 2016); *24 Cap. LLC v. Gelbinovich*, 347 F.R.D. 566, 569-70 (E.D.N.Y. 2024). Critically, Rule 27 can only be used to perpetuate *known* evidence. *See Allegretti*, 229 F.R.D. at 98 (denying Rule 27 relief where petitioners sought "not

to collect known testimony but to ascertain unknown information, an undertaking that falls outside the limited purposes of the Rule"); *In re Wolfson*, 453 F. Supp. 1087, 1096 (S.D.N.Y. 1978) ("[T]he decisions construing Rule 27 make it clear that the purpose of the rule is to preserve and perpetuate known testimony, not to provide litigants with a vehicle for the ascertainment of evidence."); *see also* Fed. R. Civ. P. 27(a)(1)(E) (requiring a Rule 27 petition to set forth the "expected substance of the testimony of each deponent"). Whether to grant a petition for Rule 27 discovery is "a matter for the sound discretion of the district court." *24 Cap. LLC*, 347 F.R.D. at 569-70 (quoting *Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1946)).

The Court denies Plaintiffs' request for relief under Rule 27. Plaintiffs do not identify any person who they seek to depose or set forth the "expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1)(E). On this basis alone, Plaintiffs' motion fails. Moreover, Plaintiffs' motion indicates that they are seeking "not to collect known testimony but to ascertain unknown information," *Allegretti*, 229 F.R.D. at 98, which Rule 27 does not permit. Finally, while Plaintiffs are concerned that evidence may be destroyed, their concern is far too conclusory to demonstrate "sufficient risk" that evidence "would be lost absent Rule 27 discovery." *Jackson v. Good Shepherd Servs.*, 683 F. Supp. 2d 290, 293 (S.D.N.Y. 2009); *see Lamas v. Huffman*, 2026 WL 2070080, at *3 (denying relief on the same basis); *Lamas v. Hopkins*, 2026 WL 2032095, at *2 (same).

Moreover, the Court also denies the requested relief because, as explained above, the amended complaint does not establish that the Court has subject matter jurisdiction of Plaintiffs' claims. Until subject matter jurisdiction is established, the Court, in its discretion, does not grant Plaintiffs the interim relief that they seek.

**D. Motion for permission to serve complaint and motions by email**

Plaintiffs also filed a document that they styled as a "Request for Permission to Serve Motions and Documents by Email." (ECF No. 16.) Both Plaintiffs signed the motion. In support of the motion, they assert that "[s]ervice by electronic mail will facilitate timely and cost-effective service of process and reduce unnecessary delays in this litigation." (*Id*. at ¶ 3.)

At the outset, summonses have not yet been issued in this case, and therefore Plaintiffs' motion can be denied on this basis alone. In any event, Plaintiffs are proceeding IFP. Therefore, in the event that Plaintiffs cure the deficiencies outlined in this order in a second amended complaint, and if summonses issue thereafter, service will first be attempted with the assistance of the Court of the United States Marshals Service through methods of service set forth in Rule 4 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). The Court therefore denies Plaintiffs' motion.

**E. Request to Amend Party Name in Caption and All Pleadings**

Plaintiff Erich Colucci Lima also filed a motion, which he has signed, requesting that the Court amend the caption of the case to reflect his preferred legal name, which he says is "Saint Von Colucci (a.k.a. Erich-Saint Colucci Lima)." (ECF No. 18, at 2.) He also requests that "the Clerk [ ] maintain a notation indicating that 'Erich Colucci Lima' and 'Saint Von Colucci (A.K.A. Erich-Saint Colucci Lima)' refer to the same party[.]" (*Id.*)

The Court denies Plaintiff Erich Colucci Lima's request without prejudice to his filing a second amended complaint, as directed in this order, in which he provides his legal name in the caption and body of the pleading. If Plaintiff Erich Colucci Lima's second amended complaint

sets forth a different name as reflected in the complaint and amended complaint, that amendment will be reflected in the caption and on the docket sheet for this action.

**F. Leave to amend granted**

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiffs may be able to allege additional facts to state valid claims arising under the court's diversity jurisdiction, the Court grants Plaintiffs 30 days' leave to further amend their complaint to detail their claims.

If Plaintiffs do not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiffs' amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court denies Plaintiffs' motion for permission to participate in electronic case filing, their motion under Rule 27, their request for permission to serve motions and documents by email, and Plaintiff Erich Colucci Lima's request to amend his name in the caption. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 4, 5, 16, 17, and 18.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: August 11, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

__________________________________________________

__________________________________________________

Write the full name of each plaintiff.

_____CV_______________
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

__________________________________________________

__________________________________________________

__________________________________________________

__________________________________________________

Write the full name of each defendant. If you need more space, please write “see attached” in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual’s full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual’s birth; a minor’s initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ______________________________, is a citizen of the State of
(Plaintiff's name)

______________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

______________________________
First Name Middle Initial Last Name

______________________________
Street Address

______________________________
County, City State Zip Code

______________________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________________________

First Name Last Name

______________________________________________

Current Job Title (or other identifying information)

______________________________________________

Current Work Address (or other address where defendant may be served)

______________________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________________________

Date(s) of occurrence: ______________________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated　　　　　　Plaintiff's Signature

First Name　　　　Middle Initial　　　　Last Name

Street Address

County, City　　　　State　　　　Zip Code

Telephone Number　　　　Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes　☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.